IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA HLAVIK | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-cv-07362 |
| vs. | ) |
| | ) |
| FIRST NATIONAL COLLECTION | ) |
| BUREAU, INC. | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Cynthia Hlavik, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter that failed to adequately disclose her rights under the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations. *E.g. Genova v. IC Systems, Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

1

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Cynthia Hlavik ("Plaintiff'), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged debt for personal services. Plaintiff has never owned a business nor taken on any commercial debt. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, First National Collection Bureau, Inc. ("FNCB"), is a Nevada Corporation that does or transacts business here. Its registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.

8. FNCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts due or asserted to be due another.

9. Founded nearly thirty years ago, FNBC, Inc. is a leader in third-party collections providing diversified solutions for clients.  Based in Sparks, Nevada, the executive management team has more than 160 years of combined industry experience.  FNCB, Inc.'s collection strategies are based on compliance to drive performance and enhance the customer experience. Press Release, Published December 10, 2019, available at: https://www.insidearm.com/news/00041233-executive-change-first-national-collectio/ (last visited December 11, 2020).

10. As one of the nation's leading collection service firms, FNCB has decades of experience working with large and small businesses providing successful collection and asset recovery services.

https://web.archive.org/web/20160310081735/http://www.fncbinc.com/aboutus.html (archived, last viewed December 11, 2020).

11. FNCB regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12. According to Defendant, Plaintiff incurred an alleged debt for a consumer account, reference number 180096476 ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

13. Due to her financial circumstances, Plaintiff was unable to pay any debts, and the alleged debt went into default.

14. FNCB subsequently began collection activities on the alleged debt.

15. On or about August 24, 2020, FNCB sent Plaintiff a text message to collect the debt ("Letter") in an attempt to collect the alleged debt. (Exhibit A, Screenshot of FNCB Text)

16. The Letter conveyed information regarding the alleged debt, including the name of the debt collector and the fact that the letter was an attempt to collect the debt.

17. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

18. The Letter was FNCB's initial communication with Plaintiff concerning the alleged debt.

19. The Letter states "This is an attempt to collect a debt…"

3

20. The Letter does not disclose the amount of the debt

21. The Letter does not disclose the name of the creditor to whom the debt is owed

22. The Letter does not disclose any of Plaintiff's rights under 15 U.S.C. 1692g to dispute the alleged debt or to request validation of the alleged debt.

23. No subsequent communication arrived within 5 days.

24. In fact, to date, FNCB has not informed Plaintiff of any of her rights pursuant to 1692g of the FDCPA.

25. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

26. FNCB failed to provide required disclosures to Plaintiff, in violation of 15 U.S.C. § 1692(g), when it failed to advise Plaintiff of her right to dispute an alleged debt, to request verification, and to request the name of the original creditor.

27. Plaintiff did not recognize the alleged debt.

28. But Plaintiff did not timely dispute the alleged debt because she was not aware that she must do so within 30 days of the receipt of the text message.

29. Plaintiff did not timely request the name and address of the original creditor because she was not aware she must do so within 30 days of the receipt of the text message.

30. Plaintiff has now waived her right to do either as a result of Defendant's failure to properly advise her of her rights, as required by the FDCPA.

31. But for Defendant's actions Plaintiff would have done both in a timely manner as she did not recognize the debt.

32. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/ Michael Wood
Plaintiff's Attorney

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com